**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CASE NO. 1:09-CR-00026-R**

**UNITED STATES OF AMERICA**                                                                          **PLAINTIFF**

**v.**

**JOSEPH S. SMITH, et al.**                                                                                **DEFENDANTS**

**OPINION AND ORDER**

Defendant Joseph Smith has moved to withdraw his guilty plea (DN 828). The

Government has responded (DN 864), Defendant has replied (DN 881) and submitted a letter

supplementing his counsel's motion (DN 884). On July 7, 2011, a hearing was held in Bowling

Green, Kentucky where the Court heard arguments in the matter. Assistant United States

Attorney David R. Weiser appeared for the Government and W. Ralph Beck appeared for

Defendant. Terri Turner, official court reporter, recorded the proceedings. This matter is now

ripe for adjudication. For the reasons that follow, Defendant's motion is DENIED.

**BACKGROUND**

Defendant Joseph Smith was indicted on July 8, 2009, as one of thirty defendants named

in a forty-three count indictment. He was charged with participation in a conspiracy to possess

and distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)

and 846. On January 28, 2011, Smith pleaded guilty in front of Magistrate Judge Goebel under a

Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement. He agreed to a sentence of ten

years imprisonment and five years supervised release. On April 27, 2011, Smith sent a letter to

the Court indicating that he harbored a number of concerns about his plea. After conferring with

Smith, defense counsel filed the instant motion on May 25, 2011. The Government has filed a

1

response in opposition.

<h1 style="text-align:center">STANDARD</h1>

The Federal Rules of Criminal Procedure provide that a criminal defendants may withdraw from a previously entered plea of guilty only when there is a "fair and just reason" for doing so. Fed. R. Crim. P. 11(d)(2)(B). "A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) (citations omitted). In deciding whether to permit a withdrawal, this circuit has cautioned that to do so is "inherently in derogation of the public interest in finality and the orderly administration of justice." *Id.* (quoting *United States v. Horne*, 987 F.2d 833, 837 (D.C. Cir. 1993)). A court applies the following factors, first set forth in *United States v. Bashara*, to determine whether there is just cause to withdraw a plea:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Id.* (citing *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)). This list is non-exhaustive and no one factor should be controlling. *Id.*

<h1 style="text-align:center">ANALYSIS</h1>

## I. Fair and Just Reason for Withdrawal

In this motion, defense counsel outlines Smith's problems with the earlier agreement: (1) there is an unjust disparity with his sentence and those of other defendants in this matter; (2) he did not have adequate time to review the plea; (3) during his plea negotiations, he incorrectly

2

believed that all pleas under Rule 11(c)(1)(C) carried a punishment of ten years; (4) his

constitutional right to a speedy trial was violated and the Court should not have characterized

this case as complex; (5) he was pressured into pleading guilty when he met with Weiser and a

key Government witness days prior to his change of plea hearing; and (6) the Government would

be unable to meet its burden at trial and show that he was a participant in the conspiracy. DN

828 at 1-4.

None of these reasons is a persuasive basis to abandon Smith's earlier agreement since

they do not enjoy a basis in fact or law. The record indicates there was not an unjust disparity

between Smith's sentence and the other co-conspirators in this matter, as nine of the ten similarly

situated co-defendants entered pleas of guilty for ten years or more. Smith had adequate time to

review his plea agreement. It was negotiated over a matter of weeks and on January 27, 2011,

Smith and his counsel spoke for several hours with Weiser about the agreement and its

ramifications. Smith's confusion over pleas under Rule 11(c)(1)(C) and his belated objection to

the case's designation as complex are improper reasons to overturn the agreement. There is no

evidence of coercion on the part of the Government during the meeting between Smith and the

Government's key witness. Finally, Smith's arguments about the insufficient evidence are

unavailing. "The fact that a defendant has a change of heart prompted by his reevaluation of

either the Government's case against him or the penalty that might be imposed is not a sufficient

reason to permit withdrawal of a plea." *United States v. Doe*, 537 F.3d 204, 212 (2d Cir. 2008)

(quoting *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992)). Accordingly, even

without the *Bashara* factors, the requested relief in Smith's motion is inappropriate.

## II. *Bashara* Factors for Withdrawal

After reviewing each of these factors, the Court finds that Smith's earlier plea of guilty

should be given full effect.

### a. Time between plea and motion for withdrawal

Smith waited eighty-nine days before mailing his letter to the Court asking to withdraw his plea of guilty. There is no precise time limit that automatically bars a criminal defendant from withdrawal. Still, "[t]he shorter the delay, the more likely a motion to withdraw will be granted, and a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006) (quoting *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996)). It is commonplace for the Sixth Circuit to uphold a district court's enforcement of a plea agreement where the defendant acted faster than Smith. *See e.g.*, *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004) (seventy-five day delay); *United States v. Durham*, 178 F.3d 796, 798-99 (6th Cir. 1999) (seventy-seven day delay); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (sixty-seven day delay); *United States v. Goldberg*, 862 F.2d 101, 103 (6th Cir. 1988) (fifty-five day delay); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (thirty-five day delay). Considering the prolonged delay between Smith's plea and his letter, the Court finds that this factor leans heavily against this motion.

### b. Presence of a valid reason for failing to move for withdrawal earlier

Since Smith does not explain the delay in moving to withdraw his guilty plea, the factor also counsels against granting the motion.

### c. Claims of innocence

For the third factor, the Court must look to see whether Smith has asserted and maintained his innocence during this proceeding. He has not. Twice he admitted his guilt to this charge, once by signing the plea agreement and another during the change of plea hearing in late

January. He also admitted contacting co-conspirators on a near daily basis to purchase crack cocaine for his personal use. Moreover, the thrust of his correspondences to the Court does not revolve around his innocence or guilt on the conspiracy charge; instead, they focus on the disparity between his sentence and the leaders of the criminal conspiracy and his belief that the Government cannot meet its burden at trial. *See United States v. Benton*, 639 F.3d 723, 728 (6th Cir. 2011) (lack of assertion of innocence weighs against criminal defendant). Finally, reliance upon his admission of guilt during the change of plea hearing is appropriate since those statements "should be regarded as conclusive as to truth and accuracy in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements." *United States v. Owens*, 215 F. App'x 498, 502 (6th Cir. 2007) (quoting *United States v. Cinnamon*, 112 F. App'x 415, 419 (6th Cir. 2004)).

### d. Circumstances of the guilty plea

Much of Smith's change of plea hearing is unremarkable. Smith was told his constitutional rights and questioned by Magistrate Judge Goebel. Smith stated that he understood his rights and that they were being knowingly and voluntarily waived. He was assisted by counsel during the entirety of the proceeding and indicated that he was satisfied with that representation. Magistrate Judge Goebel further indicated to Smith in no uncertain terms that he could proceed with his criminal matter instead of pleading guilty.

Still, Smith's admission of guilt in this hearing merits some discussion. During the proceeding, Smith was reluctant to admit that his behavior comported with the requirements necessary for the criminal charge of conspiracy. The discussion between Magistrate Judge Goebel and Smith proceeded as follows:

Smith: As far as the distribution is concerned, there wasn't anything about

distribution. It was about me getting [drugs for personal use].

. . .

Court: You're unwilling to admit to anything beyond your own personal use?

S: I'm an addict.

C: Okay. I'm not going to accept a guilty plea on this basis at all. You're going to have to go to trial.

S: Well, I mean I really don't feel comfortable going to trial because they - -

C: Then you're going to have to admit to me that you actually, in fact - - and I don't want to make anything up here, but you're going to have to admit to me that you, in fact, engaged in discussions with [co-conspirators] . . ., that you actually were involved in the distribution of crack cocaine, along with [the other conspirators] . . . . Either you were or you weren't. Either admit it or you won't.

S: I want you to accept the plea, sir.

C: No, that's not good enough for me. You're going to have to admit that there is a factual basis here for this plea. And unless you are willing to admit that you actually did the things that are necessary to prove a conspiracy, I'm not going to take this plea, and I certainly won't recommend to Judge Russell that he adjudicate you guilty.

. . .

S: . . . I'll admit that I engaged in the conspiracy. Sir, I just can't - - I just can't afford a lot of time. I just can't - - I just can't risk that.

DN 896 at 43-44. Smith went on to admit being involved in the conspiracy to distribute cocaine to other persons. *Id*. at 44-45.

Smith argues that this passage demonstrates his change of plea hearing was out of the ordinary. The Court disagrees. This conversation only indicates that Smith wanted the benefit of his bargain without conceding his guilt. When Magistrate Judge Goebel correctly reminded Smith that he could have it both ways, Smith's desire to avoid the prospect of receiving a life sentence overcame his initial reticence. Smith was presented with the unambiguous options of proceeding to trial or entering a plea of guilty. The record reveals he knowingly and voluntarily chose the latter. Thus, Smith's assertions that he was forced or cajoled into pleading guilty during the hearing are baseless.

### e. Defendant's nature and background

"The fifth factor the Court considers to determine whether Defendant's motion to

6

withdraw the guilty plea is for a fair and jusyt reason is Defendant's nature and background."

*Ellis*, 470 F.3d at 285 (citation omitted).  This factor does not favor Smith's motion.  Neither his

counsel nor Magistrate Judge Goebel had any questions as to his competency at the change of

plea hearing.  He has no history of mental or emotional problems.  Finally, he is educated,

having graduated from high school and had some college education.

### f. Defendant's prior experience with the criminal justice system

The Court "should determine under this factor whether defendant is 'a novice' to or

'familiar with' the criminal justice system."  *United States v. Osborne*, 565 F. Supp. 2d 927, 938

(E.D. Tenn. 2008) (quoting *Spencer*, 836 F.2d at 239).  The Sixth Circuit has scored this factor

in favor of the Government where the defendant had as little as one criminal conviction.  *See*

*e.g.*, *United States v. Dixon*, 479 F.3d 431, 437 (6th Cir. 2007); *Durham*, 178 F.3d at 799.

Because he is a career offender with at least two prior felony drug convictions, this factor does

not tilt Smith's direction.

### g. Prejudice to the Government

The seventh and final factor should not be considered where the defendant has failed to

provide a fair and just reason to overturn his guilty plea.  *United States v. Alexander*, 948 F.2d

1002, 1004 (6th Cir. 1991); *Osborne*, 565 F. Supp. 2d at 938.  Considering Smith has failed to

make the requisite showing to vacate his earlier plea, the Court need not continue farther in its

analysis.

### CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion to

withdraw his guilty plea (DN 828) is DENIED.